IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACQUELYN E. ORTON O/B/O THE ESTATE OF JOHN SMITH, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Case No. 2:22-cv-00414-TC<br><br>District Judge Tena Campbell |

Plaintiff Jacquelyn E. Orton, the personal representative of decedent John Smith's estate, sued Defendant State Farm Fire & Casualty Company for failing to cover an $88,252 bill for remediation after Mr. Smith died in his Provo home. The complaint, which was initially filed in Utah state court, contains only nine short paragraphs of factual background. (See Notice of Removal Ex. A (Compl.) ¶¶ 8–16, ECF No. 2-2.) After removing the case to federal court, State Farm moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." VDARE Found. v. City of Colo. Springs, 11 F.4th 1151, 1158 (10th Cir. 2021) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Renfro v. Champion Petfoods USA, Inc., 25 F.4th 1293, 1300 (10th Cir. 2022) (quoting Iqbal, 556 U.S. at 678). Looking at the complaint, the court must accept "all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quoting Albers v. Bd. of Cnty. Comm'rs,

771 F.3d 697, 700 (10th Cir. 2014)).  The court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  VDARE Found., 11 F.4th at 1158 (quoting Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003)).

Here, the court cannot make the reasonable inference that State Farm is liable for breaching the terms of the homeowners policy or for a bad-faith denial of the remediation claim.  Ms. Orton recites the "threadbare" elements of a breach of contract and a bad-faith insurance denial yet supports neither claim with the "well-pleaded factual allegations" needed to survive a motion to dismiss.  Iqbal, 556 U.S. at 678–79.  She attaches the insurance policy as an exhibit to the complaint but does not cite any provisions State Farm allegedly breached.  All the complaint seems to say that State Farm "breached the contract by breaching the contract." (Reply at 2, ECF No. 6.) And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679.

The complaint's impermissible brevity is particularly unusual because Ms. Orton's attorney discussed the factual background and the relevant policy exclusions in great detail in a fourteen-page demand letter sent in November 2021.  (Opp'n Ex. A, ECF No. 5-1.)  This specificity is missing from the complaint, leaving State Farm without even "fair notice of what [Ms. Orton's] claim[s] [are] and the grounds upon which [they] rest[]."  Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The court must examine the complaint, not a demand letter, to decide whether a plaintiff's claims pass muster.  As it stands, the complaint leaves the court in doubt about why State Farm should have paid for the remediation at all.

But the court will allow Ms. Orton to amend her complaint. Leave to amend should be given "freely" and "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). None of these issues are present here, where the demand letter contains plenty of factual details that were left out of the complaint.

Accordingly,

**IT IS ORDERED** that State Farm's motion to dismiss (ECF No. 4) is GRANTED. Ms. Orton's complaint is DISMISSED, with leave to amend.

**IT IS FURTHER ORDERED** that Ms. Orton will have until August 19, 2022, to file an amended complaint that cures the defects identified in State Farm's motion. If she fails to file an amended complaint, the court will dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that under Federal Rule of Civil Procedure 15(a)(3), State Farm's responsive pleading will be due fourteen days after Ms. Orton files her amended complaint.

**IT IS FINALLY ORDERED** that Ms. Orton's motion for hearing (ECF No. 8) is DENIED.

DATED this 5th day of August, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge